UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 08-98-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| ZANE W. VANARSDALE, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition (also known as a Report and Recommendation or "R&R") [R. 50] filed by United States Magistrate Judge Hanly A. Ingram.  The Defendant, Zane W. Vanarsdale, allegedly violated the terms of his supervised release in several ways.   Specifically, Vanarsdale is charged with 1) possessing and using methamphetamine, and 2) associating with a convicted felon and active substance abuser, with whom Vanarsdale was admittedly involved in a romantic relationship.  [*Id*. at 2-3.]  These actions are in clear violation of the conditions of his release which include prohibitions on the possession or use of controlled substance without a prescription and prohibitions against associating with people engaged in criminal activity or who had felony convictions without permission from the probation officer.  [*Id*.]  The Report prepared by the United States Probation Office ("USPO") further states that Vanarsdale failed to report to the USPO as directed, and that when USP Officer Rains was eventually able to contact him, Vanarsdale verbally admitted to using methamphetamine on four or five occasions, and also admitted to being in a relationship with a convicted felon named Brett King and traveling with King to Georgia without the USPO's

permission.  [*Id*. at 2-3.]  After this admission, Vanarsdale continued to engage in noncompliant

behavior and tested positive for methamphetamine a second time.  [*Id*. at 3.]  Upon notification

of these violations, the Court issued an arrest warrant.  [R. 42.]  This matter was then referred to

Judge Ingram to conduct a final revocation hearing and recommend a proposed disposition of the

matter.  [R. 47.]

On July 3, 2014, Judge Ingram conducted a final hearing on revocation of Vanarsdale's

supervised release.  [R. 48.]  At the revocation hearing, Vanarsdale admitted the factual basis for

the violations described in the Probation Office's Report.  The United States recommended

revocation and incarceration for six months followed by twelve months supervised release.

Defense recommended ten to twenty weekends of intermittent incarceration with twelve months

of supervised release and substance abuse treatment.

Four days after the hearing, Magistrate Judge Ingram issued an R&R, recommending

revocation with intermittent confinement for twenty weekends, followed by twelve months of

supervised release under the original conditions, as well as several modifications such as

substance abuse treatment, weekly drug testing during the first month, no contact with Brett

King, and a requirement that Vanarsdale immediately report any attempted contact with him on

the part of Brett King to the USPO.  [R. 50 at 9.]  In making this recommendation, Judge Ingram

notes that the Sixth Circuit considers use of a controlled substance as possession in the context of

supervised release, and that revocation is mandated by Congress in cases where the defendant is

in possession of a controlled substance.  [R. 50 at 4, 5.]  Judge Ingram also notes that Vanarsdale

successfully followed the conditions of his supervised release for three years, and that he began

to commit repeated violations of those conditions only after becoming involved with King.  [*Id*.

at 6.]  Thus, Judge Ingram's recommendation took into account Vanarsdale's long period of initial success on supervised release and was intended to remove him from the negative influence of King and avoid similar relationships going forward.  [*Id*. at 6-7.]  Judge Ingram's reasoning for recommending twenty weekends of intermittent confinement is also based on his observation that Vanarsdale has a standing job offer and was successful for three years on supervised release, combined with the concern that Vanarsdale appears susceptible to bad decision-making when he is exposed to negative influences.  [*Id*. at 8.]  The R&R concludes by directing the parties' attention to the relevant statute that requires any objections to be filed within fourteen (14) days of service.  [*Id.* at 9.]  *See* 28 U.S.C. § 636(b)(1).  Vanarsdale has advised the Court that he does not object to the R&R, and he has submitted a Waiver of Allocution signed by both himself and his counsel.  [R. 52.]

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made.  28 U.S.C. § 636(b)(1)(c).  When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ."  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Parties who fail to object to a Magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Nevertheless, this Court has examined the record, and it agrees with the Magistrate Judge's Recommended Disposition.  Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1.      The Recommended Disposition [R. 50] as to Zane W. Vanarsdale is **ADOPTED** as and for the Opinion of the Court;

2.      The Defendant, Zane W. Vanarsdale, is found to have violated the terms of his

Supervised Release as set forth in the Petition filed by the United States Probation Office;

       3.      Vanarsdale's Supervised Release is **REVOKED** with intermittent incarceration for twenty (20) consecutive weekends (from 6:00 p.m. each Friday to 6:00 p.m. each Sunday at the Fayette County Detention Center); and

       4.      A term of supervised release is **RE-IMPOSED** for a term of twelve (12) months under the previously imposed conditions [R. 39] with the following modifications:

       (a)      that Defendant immediately enroll in, and successfully complete, substance abuse treatment;

       (b)      that Defendant submit to weekly drug testing during his first month of reimposed supervised release;

       (c)      that Defendant have no contact with Brett King; and

       (d)      that Defendant report any attempted contact by Brett King with him to the USPO immediately.

       (7)      The allocution hearing has been **WAIVED** [R. 52-1].

       (8)      Judgment shall be entered promptly.

This 23rd of July, 2014.

Signed By:

*Gregory F. Van Tatenhove*

United States District Judge