UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 08-98-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| ZANE W. VANARSDALE, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Recommended Disposition ("R&R") [R. 63] filed by United States Magistrate Judge Hanly A. Ingram.  The Defendant, Zane W. Vanarsdale, is charged by the United States Probation Office ("USPO") in a Second Report with again violating Standard Condition #7 of his supervised release terms through illegal drug use, and the related violation of committing another crime while on supervised release.  [*Id*. at 1-2.]  Upon notification of these violations, the Court issued an arrest warrant. [R. 58.]  This matter was then referred to Judge Ingram to conduct a final revocation hearing and recommend a proposed disposition of the matter.  [R. 61.]

On July 8, 2015, Judge Ingram conducted a final hearing on revocation of Vanarsdale's supervised release.  [R. 62.]  At the revocation hearing, Vanarsdale admitted the factual basis for the violations described in the Probation Office's Report.  The United States recommended revocation and incarceration for twelve months without a term of supervised release to follow, arguing that despite receiving leniency from this Court in the past Defendant has continued to violate his supervised release conditions.  Defense recommended a term of imprisonment of ten

months without supervised release to follow.

Upon evaluation of the entire record, Magistrate Judge Ingram issued an R&R, recommending revocation with a term of imprisonment of twelve months and no supervised release to follow.  [R. 63 at 7.]  In making this recommendation, Judge Ingram notes that the Sixth Circuit considers use of a controlled substance as possession in the context of supervised release, and that revocation is mandated by Congress in cases where the defendant is in possession of a controlled substance.  [*Id*. at 5.]  Judge Ingram also notes that Vanarsdale's release was not revoked in 2012 after a charge of reckless driving, yet Vanarsdale breached the Court's trust with his violations in 2014.  Following the 2014 violations, Vanarsdale received a sentence below his Guideline Range, yet he has again breached the Court's trust.  The R&R concludes by directing the parties' attention to the relevant statute that requires any objections to be filed within fourteen (14) days of service.  [*Id.* at 9.]  *See* 28 U.S.C. § 636(b)(1).  As of this date, neither party has filed objections nor sought an extension of time to do so.

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made.  28 U.S.C. § 636(b)(1)(c).  When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ."  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Parties who fail to object to a Magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Nevertheless, this Court has examined the record, and it agrees with the Magistrate Judge's Recommended Disposition.  Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

2

1.      The Recommended Disposition [**R. 63**] as to Zane W. Vanarsdale is **ADOPTED** as and for the Opinion of the Court;

2.      The Defendant, Zane W. Vanarsdale, is found to have violated the terms of his Supervised Release as set forth in the Petition filed by the United States Probation Office;

3.      Vanarsdale's Supervised Release is **REVOKED** and he is sentenced to a term of incarceration for **twelve (12) months** with no supervised release to follow.

4.      Judgment shall be entered promptly.

This 24th day of July, 2015.

Signed By:

*Gregory F. Van Tatenhove*

**United States District Judge**